UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RANDALL DELBERT KNIGHT,

                Petitioner,

v.                                  **DECISION AND ORDER**
                                         10-CR-179S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is the parties' stipulation resolving Petitioner Randall Delbert Knight's pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 91.) The parties seek this Court's approval of the stipulation and the entry of an amended judgment reducing the term of Knight's original sentence of imprisonment from 288 months to 168 months.

For the following reasons, this Court finds that approval of the stipulation best serves the interests of justice and that the entry of an amended judgment results in a reduced sentence that is fair, just, and reasonable under the unique circumstances of this case.

## II. BACKGROUND

On July 3, 1994, Randall Knight killed Andie Gasper. He did so by stabbing Gasper once in the chest as Gasper sat in his truck behind an Ames department store in the Town of Yorkshire, New York. Before Gasper's murder, Knight and Cheryl Gasper, the victim's wife, had been involved in an extramarital affair and had discussed killing Andie Gasper so that they could share in the proceeds of his life insurance policy. Knight was charged

1

with and tried for second-degree murder in Cattaraugus County. He was acquitted on September 6, 1995.

About ten years later, law enforcement reopened the investigation into the unsolved murder of Andie Gasper. That investigation revealed additional evidence that Knight and Cheryl Gasper conspired to kill Andie Gasper to collect on his life insurance policy. Based on this evidence, Cheryl Gasper pled guilty to second degree murder and received a sentence of 18 years to life imprisonment. Knight pled guilty in federal court to a violation of 18 U.S.C. § 1958, the federal murder-for-hire statute, and received a sentence of 24 years imprisonment.

After entry of the judgment in Knight's case, he timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Docket No. 21), alleging ineffective assistance of counsel, which this Court denied. See Knight v. United States, Nos. 11-CV-919S, 10-CR-179S, 2013 WL 395252 (W.D.N.Y. Jan. 31, 2013). Knight then successfully appealed to the United States Court of Appeals for the Second Circuit, which remanded the case for further proceedings. See Knight v. United States, 576 Fed.Appx. 4 (2d Cir. 2014).

Upon remand, this Court began an extended evidentiary hearing on January 12, 2015. Knight's trial counsel and the former prosecutor completed their testimony. Knight testified at length, but did not complete his testimony because the parties reached the stipulation resolving Knight's motion.

The stipulation calls for the imposition of a reduced sentence of 14 years imprisonment based on what the parties agree has been a strong showing that Knight's conviction is vulnerable to collateral attack on the basis that he was denied his Sixth

Amendment right to the effective assistance of counsel. Specifically, as detailed in the stipulation, the parties agree that the evidence adduced thus far suggests that a strong case could be made that Knight's trial counsel's performance was objectively unreasonable in failing to consider, research, or raise, before entry of Knight's guilty plea, the following two issues: (1) whether Knight had a potential statute-of-limitations defense based on the fact that he killed Gasper before the murder-for-hire statute was amended on September 13, 1994; and (2) whether Knight was, in fact, subject to prosecution in Ohio for killing Gasper, in light of the Ohio Supreme Court's decision in State v. Yarbrough, 104 Ohio St.3d 1 (2004), which would arguably bar such prosecution. Similarly, the parties agree that the evidence strongly suggests that Knight was prejudiced by his trial counsel's failure to raise these issues.

The parties further agree that had Knight's trial counsel considered and raised these issues before Knight entered his plea, the parties would have agreed on a plea identical to the one Knight entered, except that (1) Knight would have knowingly, intelligently, and voluntarily waived his right to assert the statute of limitations as a defense to the offense contained in the Amended Information, and (2) the parties would have agreed that the sentencing court impose a sentence of 14 years (168 months) imprisonment, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

### III. DISCUSSION

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. In pertinent part, that section provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

When such a standard is met based on the deprivation of the Sixth Amendment right to effective assistance of counsel, the "remedy is one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error." United States v. Carmichael, 216 F.3d 224, 227 (2d Cir. 2000); see also United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998) ("[W]here there has been a finding of ineffective assistance of counsel in a § 2255 proceeding, the remedy 'should be tailored to the injury suffered from the constitutional violation' . . . ." (quoting United

States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981))).

Having considered the evidence elicited thus far, this Court agrees with the parties that Knight has made a substantial showing that trial counsel's performance may have fallen below constitutional standards and may have prejudiced him. It further accepts the parties' considered representation that, had the issues discussed above been timely raised by Petitioner's trial counsel, they would have executed a Rule 11(c)(1)(C) plea to 168 months imprisonment, with, *inter alia*, Petitioner's waiver of any statute of limitations defense.

That leaves this Court to consider whether the parties' stipulation—which is for all intents and purposes the functional equivalent of a Rule 11(c)(1)(C) plea—imposes a sufficient term of imprisonment. The evidentiary hearing has been, of course, a serious and somber proceeding. Both Knight and the government have much at stake. So too does the Gasper family, which this Court has been assured is reasonably satisfied with the terms of the stipulation. For all involved, approval of the stipulation brings certainty: Knight is certain to have a reduced sentence; the government is certain to have a conviction; and the Gasper family is certain to know that the man who killed their loved one will not escape justice.

Cheryl Gasper received a sentence of 18 years to life in prison for her role in Andie Gasper's murder. And while in contrast 14 years may seem insufficient for Knight because he was the one who actually murdered Gasper, it must be recognized that Cheryl Gasper's case did not involve the constitutional complications that Knight's does. Those complications entitle Knight to be placed in "the circumstances that would have existed had there been no constitutional error." Carmichael, 216 F.3d at 227. And based on the

5

parties' representations, those circumstances would have included the tendering of a Rule 11(c)(1)(C) plea as described in the stipulation.

The agreed upon 14-year sentence brings certainty, as noted above, but it also ,brings punishment; punishment that in this Court's view is fair, just, and reasonable in light of the circumstances of this case.  In reaching this conclusion, this Court has considered the factors set forth in 18 U.S.C. § 3553(a), the hearing testimony, the presentence investigation report, and the parties' representation that Knight has had no disciplinary issues while incarcerated.  This Court will therefore approve the parties' stipulation and enter an amended judgment imposing upon Knight a sentence of 14 years.  <u>See</u> 28 U.S.C. § 2255(b) (authorizing resentencing or correction of sentence as remedies).  All other terms of the original sentence will remain in effect.

## IV. CONCLUSION

For the foregoing reasons, the parties stipulation is approved, and this Court will direct that an amended judgment be prepared for filing.

## V.  ORDERS

IT HEREBY IS ORDERED, that the parties' Stipulation and Agreement for Resolution of Petitioner's Motion Filed Under 28 U.S.C. § 2255 (Docket No. 91) is APPROVED.

FURTHER, that the United States Probation Office is DIRECTED to prepare and submit to this Court an amended judgment reducing Petitioner's term of imprisonment from 288 months to 168 months.  In all other respects the terms of the original sentence remain in effect.

FURTHER, that the Clerk of Court is directed to close this case and the companion civil case (11-CV-919S).

SO ORDERED.

Dated:  February 13, 2015
        Buffalo, New York

                                                   /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                       Chief Judge
                                              United States District Judge