UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

RANDALL DELBERT KNIGHT,

             Defendant.

**DECISION AND ORDER**
10-CR-179S

## I. INTRODUCTION

Presently before this Court is Defendant Randall Delbert Knight's Motion for Compassionate Release, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons discussed below, Knight's motion is denied without prejudice for failure to exhaust his administrative rights.

## II. BACKGROUND

Knight is serving a 168-month sentence for stabbing and killing Andie Gaspar on July 3, 1994, as part of a murder-for-hire scheme, in violation of 18 U.S.C. § 1958. (Docket No. 93.) Knight is presently serving his sentence at FCI Elkton, with a release date of April 28, 2022.[1]

On July 27, 2020, Knight filed a pro se motion for compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i). (Docket No. 107.) He contends that such relief is warranted because he is at heightened risk for severe illness if he develops COVID-19 while incarcerated due to his age and medical conditions.[2] The government opposes the

---

[1] See https://www.bop.gov/inmateloc/ (last visited September 25, 2020).

[2] Notably, Knight advises in his motion that he has already contracted and recovered from COVID-19. (See Motion for Compassionate Release, Docket No. 107, pp. 2, 12, 19, 22.)

1

motion. (Docket No. 109.)

### III. DISCUSSION

**A.     Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[3] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2)

---

[3] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020).  If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute.  See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory).  The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [4] or (2) 30 days lapse from the date the warden of the

---

[4] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

> First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf.  28 C.F.R. § 571.61 (a).  Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director.  Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here are the "Medical Condition of the Defendant" and "Other Reasons" examples.  The "Medical Condition of the Defendant" example provides as follows:

> Medical Condition of the Defendant—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or

4

>> mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 comment n. 1 (A).

The "Other Reasons" example is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[5] Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision. It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

---

[5] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18 U.S.C. § 3582 (c)(1)(A). See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited September 25, 2020)). This Court assumes without deciding that this Program Statement is non-binding as it relates to the "Other Reasons" provision of U.S.S.G. § 1B1.13 comment n. 1 (D), and that it is therefore not constrained by what the Director of the Bureau of Prisons might consider other extraordinary and compelling reasons for sentence reduction. See, e.g., United States v. Marks, 03-CR-6033L, 2020 WL 1908911, at *5-7 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

        3142 (g); and

        (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction.  See Gileno, 448 F. Supp. 3d at 186.

**B.    Knight's Motion for Compassionate Release**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement.  To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused.  See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 17-CR-193S, 2020 WL 1872352, at *3-6 (W.D.N.Y. Apr. 15, 2020); accord United States v. Montanez, 15-CR-122-FPG, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Knight admits that he has not satisfied the statutory exhaustion requirement, and the government has confirmed that Knight never submitted an administrative request for compassionate release to the warden of FCI Elkton.  (Motion for Compassionate Release, Docket No. 107, pp. 3, 6; Government's Opposition, Docket No. 109, p. 4.)

Instead, Knight asks this Court to excuse or waive the exhaustion requirement. (Motion for Compassionate Release, pp. 3, 6.) It cannot do so. As noted above, the exhaustion requirement is mandatory and cannot be excused. Consequently, Knight's motion must be denied for failure to exhaust administrative rights.

## IV. CONCLUSION

Because Knight failed to exhaust his administrative rights as statutorily required under 18 U.S.C. § 3582 (c)(1)(A), his motion for compassionate release will be denied without prejudice.

## V. ORDER

IT HEREBY IS ORDERED, that Knight's Motion for Compassionate Release (Docket No. 107) is DENIED without prejudice.

SO ORDERED.

Dated:     September 28, 2020
           Buffalo, New York

                                              s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge